UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE A. LEWIS                                              CIVIL ACTION

VERSUS                                                      NO. 06-5819

UNITED STATES PENITENTIARY OF                               SECTION "K"(1)
BEAUMONT, TX

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

Plaintiff, Bruce Lewis ("Lewis"), is presently confined in the United States Penitentiary in Beaumont, Texas. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against that facility, alleging claims against two of its lieutenants, Reynaldo Garcia and Tracey Vanness. He complains that both acted in an incompetent

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Eastern District of Texas, Beaumont Division for determination and collection pursuant to Title 28 U.S.C. § 1915.

and negligent manner by placing him in a "protective custody" cell with another inmate who attacked him.  *See* Rec. Doc. No. 1, Complaint, pgs. 4-5.  He requests monetary compensation and injunctive relief.  *Id.*, pg. 6.

## II.     The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision.  Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).  Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

Lewis is presently incarcerated in the United States Penitentiary in Beaumont, Texas.  The prison is within the territory of the United States District Court for the Eastern District of Texas, Beaumont Division.  Title 28 U.S.C. § 124 (c)(2).  The events giving rise to the claim occurred in the United States Penitentiary in Beaumont, Texas.  The defendants may be found in Beaumont, Texas.  Lewis does not allege any legal or factual basis to maintain venue in the Eastern District of

Louisiana. Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division for further consideration.[2]

## IV.   Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Beaumont Division.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of September, 2006.

                                        **SALLY SHUSHAN**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[2] The recommendation of transfer is not an indication that the claims presented have merit.